UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Samuel T. Simmons, | ) | |
| | ) | |
| Petitioner, | ) | C/A No.: 8:12-cv-00951-GRA |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Wayne McCabe, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the Magistrate Judge's Report and Recommendation, filed on October 25, 2012. *See* ECF No. 26. Petitioner brought this action pursuant to 28 U.S.C. § 2254 on April 6, 2012. *See* ECF No. 1. Magistrate Judge Jacquelyn D. Austin recommends that Respondent's Motion for Summary Judgment be granted and that Petitioner's § 2254 petition be dismissed with prejudice.

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Additionally, any party who fails to file timely, written objections to the Magistrate Judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. *United States v. Schrone*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). Neither party filed any objections to the Report and Recommendation.

After reviewing the Magistrate Judge's Report and Recommendation, relevant case law, and the record, this Court finds that the Report and Recommendation applies sound legal principles to the facts of this case. Therefore, this Court adopts all parts of the Report and Recommendation except as it pertains to the direct claim portion of Ground One (2) of Petitioner's petition. *See* ECF No. 26 at 26. The Court finds that this portion of the petition requires further discussion. Ultimately, however,

the Court agrees with the Magistrate Judge's recommendation that Respondent should be granted summary judgment on all grounds of Petitioner's petition.

## DISCUSSION

In his § 2254 petition, Petitioner raises multiple grounds on which he asserts he is entitled to federal habeas corpus relief. Ground One (2) of Petitioner's petition asserts that relief should be granted because the trial judge erred by failing to suppress Petitioner's statement(s). ECF No. 1. The Magistrate Judge considered this claim as both a collateral claim for ineffective assistance of counsel and also a direct claim against the trial court for failing to suppress Petitioner's statement(s). *See* ECF No. 22. As to the collateral claim, the Magistrate Judge recommended granting summary judgment because Petitioner procedurally defaulted this claim by failing to raise it with the state's highest court, and the Court adopts this recommendation and analysis. *Id.* However, while the Court will grant summary judgment to Respondent on the direct claim, the Court declines to adopt the Magistrate Judge's analysis on this claim.

In the Report and Recommendation, Magistrate Judge Austin, citing *Stone v. Powell*, 428 U.S. 465 (1976), concluded that Petitioner was precluded from receiving federal habeas relief on his direct claim against the trial judge for failing to suppress Petitioner's statement(s) because he received a full and fair opportunity to litigate this claim in state court. ECF No. 22. In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional

search or seizure was introduced at his trial." *Stone*, 423 U.S. at 482.  However, claims that a statement or statements were involuntary and obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), fall under the Fifth Amendment.  *See Colorado v. Connelly*, 479 U.S. 157, 169 (1986) (stating that "[t]he sole concern of the Fifth Amendment, on which *Miranda* was based, is governmental coercion.").  The Court has consistently declined to extend *Stone* beyond its original bounds and has explicitly refused to apply *Stone* to a state prisoner's claim that his conviction rested on statements obtained in violation of *Miranda*.  *Withrow v. Williams*, 507 U.S. 680 (1993).  As such, claims that fall under the Fifth Amendment are cognizable claims that a federal court may review in a habeas petition.  *See id.*; *see also Cardwell v. Taylor*, 461 U.S. 571, 573 (1983) (stating that habeas corpus relief could be granted by federal courts when statements are "involuntary, and therefore obtained in violation of the Fifth Amendment").  Accordingly, Petitioner's direct claim under Ground One (2) of his petition that the trial judge erred by failing to suppress Petitioner's statement(s) is a cognizable claim that this Court may review in this case.

Nevertheless, the Court grants Respondent summary judgment on Petitioner's direct claim under Ground One (2) of his petition because the claim is procedurally barred.  To obtain federal habeas relief under 28 U.S.C. § 2254, all available state remedies must first be exhausted.  28 U.S.C. § 2254(b) (2006).  State remedies are described as "exhausted" when "they are no longer available, regardless of the reason for their unavailability."  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)).  Here, Petitioner has "exhausted" all of his state court remedies because no state remedies are left available to him.  Petitioner

filed his one direct appeal to the South Carolina Court of Appeals.  Further, any future post-conviction relief ("PCR") application would be barred as successive under S.C. Code Ann. § 17-27-90 (1985) and would also be untimely under S.C. Code Ann. § 17-27-45(A) (Supp. 2012).  Thus, Petitioner's state court remedies are technically exhausted.

However, procedural default is a separate but related doctrine that may act to bar Petitioner's claim under Ground One (2).  Procedural default applies when a person seeking federal habeas relief failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  In such a case, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Id.*  It is a petitioner's burden to raise cause and prejudice or making a showing of a fundamental miscarriage of justice.  *Kornahrens v. Evatt*, 66 F.3d 1350, 1363 (4th Cir. 1995).  If such a showing is not made, the Court need not consider the defaulted claim.  *Id.*

Here, Respondent asserts that Petitioner's direct claim under Ground One (2) the trial judge erred in failing to suppress Petitioner's statement(s) was procedurally defaulted and barred from habeas review because it was not presented to the South Carolina Court of Appeals on direct appeal.  ECF No. 17.  In fact, the only claim raised on direct appeal was that "[t]he judge erred by overruling defense counsel's *Batson v. Kentucky*, 476 U.S. 79 (1986), motion."  ECF No. 17-6.  Under South

Carolina law, a petitioner is barred from raising a claim in a post-conviction proceeding that has not been challenged on direct appeal. *Smith v. South Carolina*, 882 F.2d 895, 897 (4th Cir. 1989). Petitioner makes no showing of cause for failing to raise this claim on direct appeal, and does not demonstrate that a fundamental miscarriage of justice will occur if this Court does not consider the claim. *See* ECF No. 1. Therefore, because Petitioner's direct claim under Ground One (2) has been procedurally defaulted at the state level, this Court will not consider the claim in a habeas review.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment is GRANTED and Petitioner's § 2254 motion is DISMISSED with prejudice. The Court declines to issue a certificate of appealability in this matter.[1]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 10, 2012
Anderson, South Carolina

---

[1] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2003) (holding that, to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").